J-A14019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GLENN ERIC NYCE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EVELYN R. LEWIS, INDIVIDUALLY AND | : | No. 1876 EDA 2025 |
| BY AND THROUGH HER PESONAL | : | |
| REPRESENTATIVE DENNIS LEE COOK, | : | |
| AND ESTATE OF EVELYN R. LEWIS | : | |

Appeal from the Order Entered June 18, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2024-06488

BEFORE:  DUBOW, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 15, 2026**

Glenn Eric Nyce (Appellant), the plaintiff in the underlying negligence action against "Evelyn R. Lewis [(Decedent)], individually and by and through her personal representative, Dennis Lee Cook [(Mr. Cook)], and [the] Estate of Evelyn R. Lewis" (collectively, Defendants), appeals from the order that sustained Defendants' preliminary objections and dismissed Appellant's complaint with prejudice.  Appellant claims the trial court improperly dismissed the action, based on its determination that the complaint was a legal nullity due to Appellant's failure to effectuate proper service of original

process upon any legal entity or proper party, prior to the expiration of the two-year statute of limitations.[1]  After careful consideration, we affirm.

The trial court detailed the underlying history of this case in its Pa.R.A.P. 1925(a) opinion:

> This matter arises from a motor vehicle accident that occurred on October 16, 2022, between Appellant and Decedent[,] at the intersection of Park Street and Ridge Avenue in Perkasie, Pennsylvania.  Decedent [subsequently] passed away on October 10, 2023.  On October 8, 2024, Appellant instituted a negligence action against Decedent individually and through Decedent's husband, [Mr.] Cook, as the [purported] personal representative of Decedent, and against Decedent's [purported] estate.  Confusingly, Appellant also **admits** that no estate had been raised by Mr. Cook nor any other member of Decedent's family.[2]  **As**

_____

[1] Appellant's negligence-based personal injury claims are subject to a two-year statute of limitations.  42 Pa.C.S.A. § 5524(2); **see also id.** § 3383 ("The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death.").  "The purpose of [] limitations periods is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." **Gustine v. Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., L.P.**, 842 A.2d 334, 346 (Pa. 2004) (citation and quotation marks omitted).  Moreover, "[t]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." **Montanya v. McGonegal**, 757 A.2d 947, 950 (Pa. Super. 2000).

In the instant appeal, the two-year statute of limitations expired on October 16, 2024, eight days after Appellant filed his complaint.  **See** 42 Pa.C.S.A. § 5524(2).

[2] Appellant concedes that at the time he filed his complaint, no estate had been raised for Decedent.  **See** Appellant's Brief at 7; Complaint, 10/8/24, ¶ 4.  Appellant further concedes that "[w]ith the suggestion of death being filed after the suit commenced, it is clear that an action against [Decedent] cannot

_(Footnote Continued Next Page)_

- 2 -

**there is no existing estate, there is no personal representative of the estate.** [In the complaint,] Appellant's counsel indicated that he "shall present a motion to the [c]ourt to compel the personal representative to raise an estate for the [D]ecedent in this matter so as to substitute her estate, for himself as the proper Defendant in this matter."[3] Complaint[, 10/8/24, ¶ 7; *see also id.* ¶ 6 ("As [Decedent's] surviving spouse …, it appears that … [Mr.] Cook is in the best position to be appointed by the Court to serve as the administrator of the Estate of [Decedent].").]

On October 17, 2024, [Defendants'] counsel entered his appearance and filed a Suggestion of Death confirming Decedent's death o[n] October 10, 2023. After the [trial] court granted Appellant's Petition for Alternative Service on January 10, 2025, Appellant reinstated the complaint on January 13, 2025,[4] and successful service was made upon [Mr. Cook, in his purported capacity as representative of Decedent's purported estate,] on the same day.

On January 16, 2025, [Defendants] filed preliminary objections [(Defendants' POs)][5] to Appellant's complaint,

_____

proceed." Appellant's Brief at 15-16 (citing, *inter alia*, **Ehrhardt v. Costello**, 264 A.2d 620, 623 (Pa. 1970) (stating that a lawsuit against a deceased individual, as opposed to the personal representative of the deceased's estate, is a legal nullity)).

[3] Despite this representation, **at no time did Appellant's counsel move to compel the appointment of a personal representative of Decedent's estate**. *See Myers v. Estate of Wilks*, 655 A.2d 176, 178 (Pa. Super. 1995) (stating that where an estate has not been raised and no personal representative appointed, the "remedy is to secure the appointment of a personal representative by applying to the register of wills for the issuance of letters testamentary or letters of administration to a qualified individual").

[4] The caption of Appellant's reinstated complaint listed the same defendants, *i.e.*, "[Decedent], individually and by and through her personal representative[, Mr. Cook,] and the Estate of [Decedent.]"

[5] The certificate of service accompanying Defendants' POs provided that a copy of the filing was served upon Appellant's counsel "by the E-Filing System[.]" Defendants' POs, 1/16/25 (certificate of service).

suggesting that the complaint be dismissed with prejudice for improper service and legal insufficiency under Pa.R.C.P. 1028(a)(1) and (a)(4), respectively. [Defendants] aver[red] that Appellant's complaint is void because it is an action brought against non-existent legal entities. Additionally, [Defendants asserted in their POs that because] the statute of limitations [had] lapsed, the complaint cannot be amended to add the correct parties and must be dismissed with prejudice.

Trial Court Opinion, 9/18/25, at 1-2 (footnotes and emphasis added; some capitalization and paragraph breaks modified).

On February 5, 2025, Appellant filed preliminary objections to Defendants' POs. Appellant claimed that Defendants' POs were (1) procedurally improper, as the affirmative defense of the expiration of the statute of limitations must be asserted as new matter, pursuant to Pa.R.C.P. 1030, as opposed to by preliminary objections; and (2) not properly served on Appellant. Appellant's Preliminary Objections, 2/5/25, ¶¶ 3-7. Regarding the latter point, Appellant asserted as follows:

[Regarding the filing of Defendants' POs, t]he docke[t] reflect[s] "[] service on January 16, 2025," as there is a certificate of service of record as it relates to [Defendants' POs]. …. Given that [Appellant's counsel] participates in the e-file system, [Defendants] assert[] service occurred electronically and not by mail.

Rule 440 of the Pennsylvania Rules of Civil Procedure first requires that all legal papers filed be served.[6] Second, [] Rule 440 dictates

_____

[6] Rule 440 provides, in relevant part, as follows:

(a)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made

*(Footnote Continued Next Page)*

the procedure for service of these legal papers to occur: by hand delivery, mail or facsimile. *Id.* It is equally important to not[e] that Rule 440 requires **SERVICE of the papers filed**, not merely notice that legal papers have been filed. *Id.* [Appellant] did receive notice of [Defendants] filing [their POs] electronically from the court, but he has never been SERVED with the filed papers from [Defendants] or from the court. Notice is not service of the filed papers.

*Id.* ¶¶ 8-13 (footnote added; emphasis in original; formatting modified).

Accordingly, Appellant asserted that the trial court should overrule Defendants' POs. *Id.* ¶ 17. On February 10, 2025, Defendants filed a response to Appellant's preliminary objections.

By order entered on June 18, 2025, the trial court sustained Defendants' POs and dismissed Appellant's complaint with prejudice. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our consideration:

1. Whether the trial court erred in overruling [Appellant's] preliminary objections to [Defendants' POs] because of the lack of service, raising a speaking demurrer and asserting a new matter affirmative defense?

2. [Whether t]he trial court erred in dismissing all of [Appellant's] claims with prejudice when he commenced the action against

---

(i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree[.]

Pa.R.C.P. 440(a)(1)(i).

[Decedent's] surviving spouse[, Mr. Cook, who was] also asserted to be [Decedent's] personal representative?

Appellant's Brief at 6.[7]  We address Appellant's issues together, as they are related.

In reviewing these issues, we are mindful of our standard of review: "When reviewing an order sustaining preliminary objections, our standard of review is *de novo* and our scope of review is plenary."  ***Winner v. Progressive Advanced Ins. Co.***, 345 A.3d 750, 756 (Pa. Super. 2025) (citation omitted).  "[O]ur standard of review of an order of the trial court … sustaining preliminary objections is to determine whether the trial court committed an error of law."  ***Kopinetz v. Waste Mgmt. & Processors, Inc.***, 315 A.3d 138, 142 (Pa. Super. 2024) (citation omitted).

As our Supreme Court has stated,

> [a] preliminary objection in the nature of a demurrer challenges the legal sufficiency of a pleading.  Pa.R.C[].P. 1028(a)(4).  In evaluating such an objection, courts "must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts."  ***Am. Hous. Tr., III v. Jones***, 696 A.2d 1181, 1183 (Pa. 1997).

***Halpern v. Ricoh U.S.A., Inc.***, 353 A.3d 1264, 1272 (Pa. 2026); ***see also Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011) ("When considering the appropriateness of a ruling on preliminary objections, the

---

[7] Although Appellant states his issues somewhat differently in his court-ordered Pa.R.A.P. 1925(b) concise statement of errors, the issues are fairly suggested therein and preserved for our review.

appellate court must apply the same standard as the trial court." (citation omitted)). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Bellan v. Penn Presbyterian Med. Ctr.*, 271 A.3d 506, 509 (Pa. Super. 2022) (citation omitted); *see also Feingold*, 15 A.3d at 941 ("If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections." (citation omitted)).

Pennsylvania Rule of Civil Procedure 1028 authorizes a party to assert preliminary objections based on "improper form or service of a writ of summons or a complaint." Pa.R.C.P. 1028(a)(1); *see also Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 991 n.2 (Pa. 2024) ("[Rule] 1028 requires challenges to service of process to be made by filing preliminary objections endorsed with a notice to plead and to be decided on an evidentiary record.").

> When a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence. The burden of proof only shifts to the plaintiff after the defendant has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction.

*Trexler v. McDonald's Corp.*, 118 A.3d 408, 412 (Pa. Super. 2015) (internal citations and quotation marks omitted); *see also N.T. ex rel. K.R.T. v. F.F.*, 118 A.3d 1130, 1134 (Pa. Super. 2015) ("Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case."

(citation omitted)). "The defendant's burden may be met by filing verified preliminary objections." **Frick v. Fuhai Li**, 225 A.3d 573, 577 (Pa. Super. 2019).

Here, Appellant asserts that the trial court erred in dismissing his complaint and overruling his preliminary objections, where (1) "[Mr.] Cook is a proper party to this action against whom the complaint should not have been dismissed[,]" Appellant's Brief at 15; and (1) Defendants' POs were both never served upon Appellant and "substantively improper," insofar as they "create[ed] a speaking demurrer and assert[ed] the new matter defense of statute of limitations[.]" **See id.** at 10-15.

We first address Appellant's claim that the trial court improperly dismissed his complaint naming Mr. Cook as personal representative of Decedent's purported estate. **See id.** at 15-17. Appellant concedes that "[a]ll actions that survive a decedent must be brought by or against the personal representative." **Id.** at 15 (quoting **Marzella v. King**, 389 A.2d 659, 660 (Pa. Super. 1978)). Nevertheless, Appellant emphasizes that his complaint named Mr. Cook "as a personal representative" of Decedent's purported estate. **Id.** at 16. According to Appellant, his

> action survives [] through the personal representative[. B]ecause [Mr.] Cook, as the husband of [Decedent], appeared the most logical person for that role, either by will or intestacy, he was named in the complaint and served with process. [Mr.] Cook cannot be "the wrong party" because he is asserted as [the administrator of Decedent's purported estate in Defendants' POs].

*Id.* at 16-17; *see also id.* at 17 (asserting that Mr. Cook, as Decedent's "surviving spouse, and identified as the personal representative[,] is presumed to hold that capacity in relation to his wife").[8]

Appellant further argues that

[a]ll facts well-pleaded and inferences therefrom as set forth in [Appellant's] complaint are presumed true. *Powell v. Drumheller*, 653 A.2d 619, 621 (Pa. 1995) [(stating that in reviewing a ruling on preliminary objections, an appellate court must accept "as true" "all material facts set forth in the complaint as well as all the inferences reasonably deducible therefrom")]. As such, those [facts] that serve as the basis for naming [Mr.] Cook as the personal representative of [Decedent] are deemed to be true.

*Id.* at 17. Thus, Appellant concludes that "[h]aving completed service as to the personal representative, [Appellant's complaint] should not have been dismissed with prejudice." *Id.* at 9.

Defendants counter that the trial court properly sustained Defendants' POs and dismissed the complaint, where Appellant failed to name in his complaint any "legally recognizable entity capable of serving as defendant[.]" Defendants' Brief at 12.

The trial court correctly sustained [Defendants' POs] and dismissed [Appellant's] complaint with prejudice because [Appellant] improperly filed suit against a deceased individual, a nonexistent estate, and a purported representative of a nonexistent estate, rendering the complaint void and of no effect.

---

[8] Despite Appellant's characterizations of Mr. Cook's "presumed" status relative to Decedent, Appellant admits that "neither [Mr.] Cook nor any other person raised an estate for [Decedent] following her death by filing any papers with the Bucks County Register[] of Wills." Appellant's Brief at 7; *see also* Trial Court Opinion, 9/18/25, at 7 (same); Complaint, 10/8/24, ¶ 7.

*Id.* at 8 (capitalization modified).  Defendants further claim that because the two-year statute of limitations expired shortly after Appellant's filing of the complaint, "the complaint cannot be amended at this juncture, and was properly dismissed by the trial court[.]"  *Id.* at 13 (capitalization modified).

Our Supreme Court has explained that

> [s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed.  Without valid service, a court lacks personal jurisdiction [over] a defendant and is powerless to enter judgment against him or her.  Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her.

*Cintas Corp. v. Lee's Cleaning Servs.*, 700 A.2d 915, 917-18 (Pa. 1997) (internal citations omitted).

Generally, "original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint."  Pa.R.C.P. 401(a).  If service is not effectuated within 30 days, the plaintiff may file a *praecipe* for reissuance of the writ or reinstatement of the complaint in order to continue its validity.  Pa.R.C.P. 401(b).  "So long as the plaintiff files [the] writ or complaint before the expiration of the statute of limitations applicable to [the] cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations."  *Gussom v. Teagle*, 247 A.3d 1046, 1048 (Pa. 2021).  Our Supreme Court held in *Gussom* that

- 10 -

a trial court has discretion to dismiss a complaint when a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner and there is no evidence to indicate that the defendant had actual notice of the commencement of the action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally.

*Id.*

Finally, it is established that "all actions that survive a decedent must be brought by or against the personal representative[,] and a decedent's estate cannot be a party to litigation unless a personal representative exists." ***Edwards v. Norfolk S. Ry. Co.***, 337 A.3d 525, 528 (Pa. Super. 2025) (*en banc*) (citation and internal quotation marks omitted); ***see also*** 20 Pa.C.S.A. § 3373 (stating that "[a]n action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive.").

> It is well settled that "[a] dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect. Moreover, because a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper." ***Valentin v. Cartegena***, … 544 A.2d 1028, 1029 (Pa. Super. 1988) (citations and quotation omitted). If a plaintiff commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant. ***Id***.

***Montanya***, 757 A.2d at 950 (some citations omitted).

Accordingly, "**an action brought by or against**" an estate that lacks **a personal representative** "**is void.**" ***Prevish v. Northwest Med. Ctr. Oil***

- 11 -

*City Campus*, 692 A.2d 192, 201 (Pa. Super. 1997) (*en banc*) (emphasis added); *see also id.* (stating that "a subsequent attempt to 'amend' the caption to specify the correct party is in fact the addition of a new party, which addition will not be permitted after the statute of limitations has expired."). Furthermore, this Court has cautioned that "[r]esponsibility for suit against the proper defendant rests upon the plaintiff[,] and the defendant is under no duty to inform plaintiff whom he should sue." *Taylor v. Humble Oil and Ref. Co.*, 311 A.2d 324, 325 (Pa. Super. 1973).

Instantly, in its Rule 1925(a) opinion, the trial court stated that even though Appellant's complaint named Mr. Cook in his role as the purported administrator of Decedent's (non-existent) estate, this was not sufficient to confer jurisdiction in this action:

> Ordinarily, where a suit is filed against the "administrator of an estate" prior to their being formally named administrator, the relation back doctrine may well apply under certain circumstances entitling the claimant to relate their amendment back to the original date of filing. 9 Summ. PA. JUR. 2d, Probate, Estates, and Trusts § 8:13 (2d ed. 2025) (citing *Lovejoy v. Georgeff*, 303 A.2d 501 (Pa. Super. 1973)). However, when the defendant's death is known to the claimant, the doctrine is rendered inapplicable where, **as in the present case, the claimant is not diligent in having an estate raised and an administrator appointed prior to the expiration of the relevant statute of limitations.** *Id.* The means [for Appellant] to properly initiate the suit against Decedent is to secure the appointment of a personal representative by applying to the Bucks County Register of Wills for issuance of letters testamentary or letters of administration to a qualified individual, such as [Mr. Cook]. *Nelson v. Est. of Massey*, 686 A.2d 1350, 1351 (Pa. Super. 1996). Once a personal representative is appointed, Appellant has two options: (1) proceed to prove the claim by instituting suit in the civil division of the Court of Common Pleas; or (2) proceed

to prove the claim at the audit of the estate in Orphans' Court division pursuant to 20 Pa.C.S.A. § 3386. *Myers*, 655 A.2d at 181-82. In summary, **a plaintiff in an action against a decedent's estate must take affirmative steps to secure the appointment of an administrator or personal representative for the estate.** *Marzella*, 389 A.2d at 661 [(holding that "a plaintiff in an action against a decedent's estate must take affirmative steps to secure the appointment of an administrator prior to the running of the statute of limitations or his cause of action will be lost.")]. **If a plaintiff does not take these steps prior to the running of the statute of limitations, the cause of action will be lost.** *Id.*

Appellant claims his action was proper because he brought the action against [Mr. Cook] as [Decedent's purported] "personal representative" and the [trial] court erred in dismissing the action as to all [defendants]. **Appellant does not appear to understand that** [**Mr. Cook**] **was never the personal representative of Decedent or for Decedent's estate.** Such an appointment would require the Register of Wills to grant letters testamentary or letters of administration to [Mr. Cook]. Appellant even admits to this fact in an earlier pleading:

> [Appellant] seeks to complete service upon the Defendant, [*i.e.*, Mr. Cook,] and then, in his capacity as [Decedent's] surviving spouse, ***compel him to serve as the personal representative*** and raise an estate for his late wife so that this action may proceed forward against the [D]ecedent's estate.

[Appellant's] Petition Alt. Service (Dock. Seq. 6) at ¶ 10 (emphasis added[; punctuation modified]).

Even when taking the pleadings and evidence in the light most favorable to Appellant, there is no indication that Appellant, despite having knowledge of Decedent's death, took any affirmative steps to ensure the raising of an estate for Decedent or the appointment of a personal representative prior to filing the complaint. **As Appellant brought an action against a dead person, a person who was never the personal representative of the dead person or their estate, and a non-existent estate, the action is void.** *Prevish*, 692 A.2d at 201.

- 13 -

Normally, this defect could be remedied through the filing of an amended complaint, which would include the actual personal representative of the estate once one is properly appointed. However, if the statute of limitations is lapsed, then amending the complaint would be barred. "While it is true that the name of a party *already on the record* may be corrected at any time, it is elementary that a *new party*, or a party *in a different capacity*, cannot be brought on the record after the statute of limitations has become a bar." **Miller v. Jacobs**, 65 A.2d 362, 365 (Pa. 1949) [(emphasis in original)].

As mentioned *supra*, the incident giving rise to the complaint occurred on October 16, 2022. A negligence cause of action to recover damages for injuries is controlled by the two-year statute of limitations. 42 Pa.C.S.A. § 5524. While Appellant filed the complaint within the statutory limit, the opportunity to properly amend the complaint to add the proper defendants expired on October 16, 2024. Even if Appellant were to properly apply for letters of administration, [and Mr. Cook] is appointed as the personal representative of Decedent's estate, and then Appellant moves to amend the complaint, the amendment would be adding a party in a different capacity, which is impermissible after the statute of limitations has expired. [**See Miller**, **supra**.] Further, Appellant may not avail himself of the relation[-]back doctrine, as he both knew of Decedent's death and failed to timely institute proceedings to have the estate properly raised. **See** 9 Summ. PA. Jur. 2d, Probate, Estates, and Trusts § 8:13 (2d ed. 2025). **It was Appellant's responsibility to timely secure the appointment of a personal representative for Decedent's estate if one had not been appointed; nothing in the record indicates Appellant has attempted to do so.** As such, [the trial] court did not err in dismissing Appellant's complaint with prejudice, as the matter could not proceed as a matter of law.

Trial Court Opinion, 9/18/25, at 7-9 (emphasis added; some citations, capitalization, and punctuation modified). We agree with the trial court's analysis and conclusion, which is supported by the record and the law.

We conclude that because Appellant (1) filed a complaint that failed to designate an appropriate party as defendant, and (2) made no effort to secure

the appointment of an administrator of the estate of Decedent prior to the expiration of the statute of limitations, the trial court properly sustained Defendants' POs to Appellant's complaint, which was void *ab initio*. **See Marzella**, **supra**; **Prevish**, **supra**; **Montanya**, 757 A.2d at 950 (affirming trial court's order sustaining preliminary objections, and dismissing the complaint in the personal injury action as being void *ab initio* for failure to name any legal entity as a defendant, where "there is no dispute that the Montanyas filed a complaint solely against Mr. McGonegal, who was deceased prior to the filing of the complaint, and that they did not name Mr. McGonegal's personal representative as a defendant" prior to the expiration of the two-year statute of limitations).

We next address Appellant's claim that Defendants' POs were "substantively improper" and should have been dismissed on this basis. **See** Appellant's Brief at 13-15. Appellant asserts that "the statute of limitations … is inapplicable at this stage of the proceedings as the same must be raised by new matter" pursuant to Pa.R.C.P. 1030, rather than by preliminary objections. Appellant's Brief at 14.

In **Green v. Farole**, 335 A.3d 771 (Pa. Super. 2025), this Court stated that

> [w]hile [the appellant/plaintiff] is correct that the statute of limitations is an affirmative defense which should be reserved for an answer and new matter (**see** Pa.R.C[].P. 1030(a)), **a party's diligent attempt (or lack thereof) to effect proper service within the limitations period is cognizable as a preliminary objection under Rule 1028(a)(1).** In **Gussom**[, **supra**], for

example, the plaintiff failed to effect service within the statute of limitations, and the defendant filed preliminary objections based on improper service. The trial court sustained the preliminary objections, and both this Court and our Supreme Court affirmed that order. *Id.* at 1058[.]

*Green*, 335 A.3d at 774 (emphasis added; footnote omitted). Accordingly, here, there is no merit to Appellant's claim that Defendants' POs were substantively improper. *See id.*

Finally, we address Appellant's claim that the trial court should have dismissed Defendants' POs based upon Defendants' purported failure to serve Defendants' POs upon Appellant. *See* Appellant's Brief at 10-13. Although Appellant admits that "[t]he certificate of service [accompanying Defendants' POs] expressly states that [service] occurred 'electronically' by e-filing[,]" he contends that "E-filing does not serve legal papers; rather, it provides notice that papers have been filed." *Id.* at 11; *see also id.* (acknowledging the Rule of Civil Procedure governing electronic filing, Pa.R.C.P. 205.4(g)), and *id.* at 12 (asserting that "things 'emailed' can get lost in the cloud, spam, or other places that fail to provide … the same form of notice that paper, received in the mail or by facsimile[,] does."). Thus, "[Pa.R.C.P.] 440 required that [Defendants' POs] be served" consistent with that Rule, which, Appellant maintains, they were not. *Id.* at 10 (bold and underline omitted).

Although Appellant's counsel admits that he "is registered to file electronically," he submits that

> [g]eneral sign up for electronic filing lacks the requirement that, **in this action**, either in an entry or prior legal paper, one has

> used [Appellant's counsel's] email address to signify consent to be served electronically by notice only from the electronic filing system.

*Id.* at 13 (emphasis in original; punctuation modified).

> Given that no document filed by [Appellant's counsel] contains his email address, **in this action**, [Appellant's counsel] has not consented to being served by "notice only" from the electronic e-filing system.  Given the lack of service, [Defendants' POs] should have been stricken by the trial court.

*Id.* (emphasis in original).

As this Court has stated, "[t]o the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*."  ***Brown v. Quest Diagnostics Clinical Labs., Inc.***, 209 A.3d 386, 389 (Pa. Super. 2019); ***see also Meyer v. Chisom***, 347 A.3d 89, 94 (Pa. Super. 2025) ("[A] question regarding whether a due process violation occurred is a question of law for which our standard of review is *de novo* and the scope of review is plenary." (citation omitted)).

This Court has stated that

> [o]ne of the fundamental objectives of the Rules of Civil Procedure is to ensure that litigants receive proper notice of all proceedings.  The duty to make proper service begins with service of original process.  This duty continues throughout all stages of the case.

***Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022) (internal citation omitted).  "[I]n all civil cases, the petitioner bears the burden to prove proper service by its affirmative acts."  ***In re Adopt. of E.M.I.***, 342 A.3d 117, 120 (Pa. Super. 2025) (in the context of a termination of parental rights appeal) (citation and ellipses omitted).

This Court has explained that pursuant to

[Pa.R.C.P.] 205.4(g), copies of all legal papers other than original process may be served by "by electronic transmission" if the parties to the action have so agreed, or an email address has been "included on an appearance or prior legal paper filed with the court in the action." Pa.R.C[].P. 205.4(g)(1)(i)-(ii).

[Pa.R.C.P.] 440, in turn, specifies that the service of all legal papers other than original process may be made by several means, including, in relevant part:

(i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree, or

*Note*: Such other address as a party may agree might include a mailbox in the prothonotary's office or an e-mail address. For electronic service by means other than facsimile transmission, **see** Rule 205.4(g).

(ii) by transmitting a copy by facsimile to the party's attorney of record[.]

Pa.R.C[].P. 440(a)(1). Where such legal papers are served by mail, the service "is complete upon mailing." Pa.R.C[].P. 440(b).

**Eisenhart v. Wellspan Health**, 346 A.3d 779, 782 (Pa. Super. 2025).

Regarding Rule 205.4(g)(1), this Court has held that

[s]trict construction of Pa.R.C.P. 205.4(g)(1)(ii) clearly requires the parties' consent to electronic filing in each individual case. We reject [an] interpretation of the rule that consent to electronic filing in one case is consent to electronic filing in all subsequent cases.

**Sigall v. Serrano**, 17 A.3d 946, 950 (Pa. Super. 2011) (footnote omitted).

Here, in its opinion, the trial court rejected Appellant's claim that he was not properly served with Defendants' POs:

While Appellant received notice of [Defendants' POs] being filed through [the trial] court's E-filing system, he claims the actual physical papers of the filing were never properly served on him. [Defendants' POs] included a certificate of service, where[in Defendants'] counsel certified that the pleadings were forwarded to/served upon Appellant's counsel electronically by the E-Filing System or by email/facsimile/United States First Class Mail if counsel does not participate in E-Filing.

In Bucks County, electronic filing and service of legal papers is governed by B.C.R.C.P. 205.4, pursuant to Pa.R.C.P. 205.4(g). Under the system, all parties, attorneys and non-attorneys are required to provide an email address to file legal papers electronically. [Pursuant to Rule 205.4(g)(1), c]opies of all legal papers other than original process filed in an action or served upon any party to an action may be served (1) as provided by [Pa.R.C.P.] 440[;] or (2) by electronic transmission, if the parties agree thereto or an electronic mail address is included on an appearance or filed previously with the court in the action. Pa.R.C.P. 205.4(g)(1). [Pursuant to subsection (g)(2), s]ervice by electronic transmission is complete when a legal paper is sent to the recipients' electronic mail address or to an electronic filing system website and an email message is sent to the recipient by the electronic filing system that the legal paper has been filed is available for review on the system's website. [Pa.R.C.P. 205.4(g)(2). The official note to] Rule 205.4(g)(2) indicates that:

> Upon the electronic filing of a legal paper other than original process, the electronic filing system may automatically send notice of the filing to all parties who have agreed to service by electronic transmission or whose e-mail address is included on an appearance or prior legal paper filed in connection with the action. ***If the electronic filing system sends notice of such filing, the party filing the legal paper only need serve those parties who are not served by the electronic filing system.***

Pa.R.C.P. 205.4(g)(2)[, Note] (emphasis added).

Here, [the trial court] find[s] that [Defendants' POs] were sent electronically in a manner that conformed with local and state rules[,] which recognized that service by electronic transmission is acceptable procedure[. ]Appellant's counsel was a participant

in the Bucks County Court of Common Pleas E-Filing System …
and has consented to electronic filing since November 15, 2019.
**Because Appellant's preliminary objections concede that
he was put on *actual notice* of [Defendants' POs] in the E-
Filing system**, [Defendants] **needed only to serve the
parties not served by the E-Filing system.** As a result,
Appellant's objection is without merit.

Trial Court Opinion, 9/18/25, at 4-5 (emphasis added; some capitalization modified).

Our review confirms that the trial court's reasoning is supported by the record and the law, and its legal conclusion is sound. Although Appellant correctly points out that there is no indication in the record that counsel for Appellant either (1) consented to electronic filing in the instant case; or (2) placed his email address on any legal papers that were filed in this case, ***see*** Pa.R.C.P. 205.4(g)(1)(i)-(ii), ***supra***, Appellant is nevertheless entitled to no relief, as he has made no effort to explain how he was prejudiced. Even if Appellant was not served with Defendants' POs, Appellant suffered no prejudice, as **he concedes that he had actual notice of the filing of Defendants' POs** and, in fact, timely responded to same. ***See*** Appellant's Preliminary Objections, 2/5/25, ¶ 13 (Appellant conceding that he "**did receive notice** of [Defendants'] filing [of Defendants' POs] electronically" (emphasis added)); ***see also***, ***e.g.***, ***Sigall***, 17 A.3d at 950 (in the context of a motion for summary judgment, stating that "a party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to

- 20 -

oppose a motion for summary judgment." (quoting Pa.R.C.P. 1035.3(e)(1)) (brackets omitted)).[9]

In conclusion, because Appellant's complaint is void, and because he had actual notice of the filing of Defendants' POs, we are persuaded by Defendants' argument that to overrule Defendants' POs based "on a procedural technicality" would improperly "elevate form over substance and allow [Appellant's] claims to proceed against parties who do not exist and cannot be sued." Defendants' Brief at 14-15.

Based upon the foregoing, we affirm the trial court's June 18, 2025, order dismissing Appellant's complaint with prejudice.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2026

_____

[9] In **Sigall**, unlike the instant case, this Court reversed the trial court's grant of the defendant's motion for summary judgment, where (1) under Rule 205.4(g)(1), the plaintiffs neither consented to be served in the action electronically, nor filed any legal paper in the action listing an email address; (2) the plaintiffs "were not properly served [with the motion for summary judgment] and, therefore, **suffered prejudice when they were not afforded an opportunity to contest the motion**"; and (3) "the trial court erred in determining that the motion [for summary judgment] was uncontested and dismissing [the plaintiffs'] complaint." **Sigall**, 17 A.3d at 950 (emphasis added).